IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IAN BRENNER,                          : Civil No. 3:22-CV-157
                                      :
        Petitioner,                   :
                                      :
            v.                        : (Chief Magistrate Judge Bloom)
                                      :
MICHAEL OVERMEYER,                    :
Superintendent, et al.,               :
                                      :
        Respondents.                  :

## MEMORANDUM OPINION AND ORDER

## I.   Statement of the Case

This case comes before us on a motion to vacate our October 3, 2023, Order (Doc. 24) denying the petition for habeas corpus. (Doc. 28). The petitioner, Ian Brenner, a twice-convicted murderer, filed this petition for habeas corpus, asserting claims of ineffective assistance of trial counsel. (Doc. 1). The matter was initially filed in the United States District Court for the Western District of Pennsylvania and subsequently transferred to this court. (Doc. 3).

The matter was assigned to then-Chief Magistrate Judge Mehalchick, and the parties consented to magistrate judge jurisdiction on April 11, 2022. (*See* Docs. 12, 13). Prior to rendering a decision, the

case was then transferred to Magistrate Judge Carlson on July 21, 2023. Upon Judge Carlson's retirement, on September 29, 2023, the case was transferred to the undersigned.

The undersigned denied Brenner's petition for writ of habeas corpus, finding that Brenner's claims of ineffective assistance of counsel were without merit. (Doc. 23). Brenner appealed our denial of his petition, and his appeal was denied on February 28, 2024. (Doc. 27). Five months later, Brenner filed the instant motion to vacate our Order under Federal Rule of Civil Procedure 60(b), arguing, *inter alia*, that he did not consent to proceed before the undersigned. (Doc. 28).

After consideration and out of an abundance of caution, we will grant the motion to vacate and order that this matter be reassigned to a district judge of this court for consideration of Brenner's habeas petition.

## II.  Discussion

Brenner moves to vacate the order denying his petition for writ of habeas corpus. Rule 60 of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment or order if, *inter alia*, "the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). Brenner contends that the judgment is void because he never consented to proceed before the

undersigned, and thus, the undersigned lacked jurisdiction to enter an order denying the petition. (Doc. 28 at 6-7).

The Federal Magistrate Act of 1979 provides:

> Upon consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1). Thus, "[a] judgment entered by 'a magistrate judge designated to exercise civil jurisdiction under [§ 636(c)(1)]' is to be treated as a final judgment of the district court[.]" *Roell v. Withrow*, 538 U.S. 580, 585 (2003) (citation omitted). Importantly, "jurisdiction turns on consent[.]" *Prater v. Dep't of Corr.*, 76 F.4th 184, 201 (3d Cir. 2023) (quoting *Gonzalez v. United States*, 553 U.S. 242, 253 (2008)).

The Act requires consent from all named parties "who are 'directly affected by an order or a judgment issued by that magistrate judge[.]'" *Prater*, 76 F.4th at 198 (quoting *Burton v. Schamp*, 25 F.4th 198, 209 (3d Cir. 2022)). Such consent can be express or implied. *Roell*, 538 U.S. at 582. Parties can impliedly consent "based on their 'conduct during litigation.'" *Prater*, 76 F.4th at 198-99 (quoting *Roell*, 538 U.S. at 582).

3

Thus, consent may be inferred where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the magistrate judge." *Roell*, 538 U.S. at 590.

This case presents a question of whether the parties consented to the jurisdiction of the undersigned based on their initial consent to then-Chief Magistrate Judge Mehalchick in April of 2022 and their conduct thereafter. According to Brenner, he explicitly consented to proceed before Judge Mehalchick, and did not consent to the reassignment of this matter to another magistrate judge. (Doc. 31 at 2). For their part, the respondents contend that counsel's initial written consent to proceed before a magistrate judge and failure to object to the subsequent reassignments of the case constitutes Brenner's implied consent. (Doc. 35 at 3-4).

After consideration, and acting out of an abundance of caution, we will grant the petitioner's motion, vacate our order, and order that this matter be reassigned to a district judge for consideration of Brenner's petition. In doing so, we are compelled to comment on Brenner's arguments that he did not explicitly consent to proceed before the

undersigned, as well as his characterization of the respondents'
arguments as "preposterous" and "utterly irrelevant." (Doc. 36 at 3, 5 n.
5).

At the outset, while Brenner correctly notes that a decision was
issued days after reassignment to the undersigned, and he did not have
an opportunity to object to the reassignment, Brenner never objected to
the case's reassignment from Judge Mehalchick to Judge Carlson in July
of 2023. While Judge Carlson ultimately did not issue an opinion in the
matter, we hardly consider this fact a "red herring" or "utterly
irrelevant," as the petitioner suggests. (Doc. 36 at 3, 5 n. 5). Rather, in
our view, this fact weighs in favor of a finding that Brenner impliedly
consented to proceed before a magistrate judge other than Judge
Mehalchick, as Brenner failed to object to the reassignment for roughly
two months before the case was then reassigned to the undersigned. As
the *Roell* Court aptly reasoned, consent may be inferred where "counsel
was made aware of the need for consent and the right to refuse it[.]"
*Roell*, 538 U.S. at 590. Additionally, "[i]nferring consent in these
circumstances thus checks the risk of gamesmanship by depriving

parties of the luxury of waiting for the outcome before denying the magistrate judge's authority." *Id.*

Here, it appears that Brenner did just that—waited for the unfavorable outcome to deny the undersigned's authority. While we credit Brenner that he did not have time to object to the second reassignment of this matter before a decision was rendered, the fact that he did not object to the first reassignment for several months is telling and suggests his implied consent to proceed before a magistrate judge other than Judge Mehalchick. Further, and importantly, we remind Brenner that "[p]arties are not entitled to the judge of their choice[.]" *Tai-Nan v. Wilson*, 336 F. App'x 256, 262 (3d Cir. 2009); *see Caldwell v. Folino*, 2011 WL 3203719, at *2 & n.2 (W.D. Pa. July 13, 2011) (finding that the plaintiff had not "demonstrated that he has been prejudiced by the recent reassignments of his case to other judges[]"). To hold otherwise would be a blatant endorsement of judge-shopping, encouraging petitioners like Brenner to belatedly object to his previously given consent because he is unhappy with the decision of the presiding judge.

Thus, while we are vacating our order and having this case reassigned to a district judge, we do so only out of an abundance of caution, as Brenner points to the short time period in which this matter was decided by the undersigned after the case was reassigned. Our decision is in no way an endorsement or encouragement of parties to belatedly rescind their previously given consent to magistrate judge jurisdiction simply because they are unhappy with the outcome of the case.

III.   **Order**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the petitioner's motion to vacate (Doc. 28) is GRANTED. The Order denying Brenner's petition (Doc. 24) is VACATED, and this matter shall be reassigned to a district judge of this court for further consideration of Brenner's petition.

So Ordered this 23rd day of April 2025.


*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

7